COURT OF APPEALS
DECISION
DATED AND FILED

December 16, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP438**

STATE OF WISCONSIN

Cir. Ct. No. **2021SC535**

IN COURT OF APPEALS
DISTRICT IV

ERIC D. OLMANSON AND ANDREA L. OLMANSON,

    PLAINTIFFS-APPELLANTS,

  V.

BRENDA WEITS,

    DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: NIA TRAMMELL, Judge. *Affirmed in part; reversed in part and cause remanded for further proceedings.*

¶1 BLANCHARD, P.J.[1] In this small claims action, Andrea and Eric Olmanson appeal the circuit court's dismissal of their only claims against Brenda

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Weits, one for eviction and one for trespass.[2] Regarding the eviction claim, the court granted Weits's motion to dismiss on the grounds that property-owner Olmanson and property-occupant Weits never had a landlord-tenant relationship and that such a relationship is a necessary precondition to an eviction action pursued under WIS. STAT. § 799.40. Following the agreed premise by both parties that Weits was never a tenant of Olmanson, and applying controlling case law, I conclude that the court correctly determined that Olmanson could not pursue the eviction action. The court did not explicitly address the trespass claim and I conclude that the court improperly dismissed this claim based on the state of the record at the time of dismissal. Accordingly, I affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶2     In February 2021, Olmanson filed a small claims complaint for eviction and trespass against Weits.[3] In pertinent part the complaint alleged the following. Olmanson hired Weits in December 2020 as a live-in caregiver for Andrea Olmanson's ailing mother, who lived in a condominium unit that Olmanson owned. However, Weits quickly realized that she could not care for the ailing mother, and on January 13, 2021, Weits gave Olmanson notice to terminate her employment. Several days later, Olmanson moved her mother into an assisted living facility. Olmanson gave Weits permission to stay in the unit until

---

[2] For ease of reference, I refer to the Olmansons collectively as "Olmanson" unless otherwise noted.

[3] More specifically, part of the complaint consisted of a small claims form in which Olmanson checked boxes for "Eviction," "Tort/Personal injury ($5,000 or less)," and "Claim for money ($10,000 or less)." Appended to the form were allegations in the style of a more formal civil complaint, the content of which we summarize in the text.

2

January 27. Weits did not vacate the unit by that date, and on February 1, Olmanson commenced this action. Olmanson alleged that Weits had never been Olmanson's "Tenant, Lessor, or Renter," but nevertheless sought Weits's "eviction," as well as compensation for lost rental income and punitive damages. Olmanson further alleged that Weits was a "trespasser to real estate" and "upon chattels" consisting of utilities for the unit, and further requested punitive damages based on allegedly intentional and malicious conduct.

¶3 Weits moved to dismiss Olmanson's complaint, arguing that an eviction action cannot be brought when no landlord-tenant relationship exists between the parties. In an affidavit supporting her motion to dismiss, Weits agreed with Olmanson's allegation in the complaint that she was never Olmanson's tenant. Weits further averred that she had vacated the unit on February 5. Because of the lack of a landlord-tenant relationship, Weits argued, the court lacked "personal jurisdiction" over her in this action. Weits further argued that the purported lack of "personal jurisdiction" meant that Olmanson failed to state a claim upon which relief can be granted.

¶4 Olmanson opposed Weits's motion and argued in part that, because the motion relied on matters outside the pleadings (namely, the averments in Weits's affidavit), the motion had been converted into a motion for summary judgment. Olmanson further moved for partial summary judgment on the trespass claim, arguing that there was no genuine issue of material fact as to Weits's liability for trespass, leaving only damages to be tried.

¶5 At a hearing tentatively scheduled for a small claims trial, the circuit court heard arguments regarding Weits's motion to dismiss. However, neither of the parties nor the court addressed Olmanson's claim for trespass. Instead, as to

3

the motion to dismiss, the parties focused exclusively on Weits's argument that Olmanson could not sustain an eviction action. The circuit court concluded that, regardless whether Weits's motion was construed as one to dismiss or for summary judgment, the court did not discern a basis for Olmanson "to proceed under an eviction action." Without referring to the trespass claim, the court granted Weits's motion to dismiss "the action," saying that the complaint "just fails to state a claim for ... lack of personal jurisdiction."

## DISCUSSION

¶6      On appeal, Olmanson makes what I understand to be essentially three arguments: (1) the circuit court erred in determining that it lacked "personal jurisdiction" over Weits in this action; (2) the court erred in determining that eviction actions may be pursued only when a landlord-tenant relationship exists between the parties; and (3) the court should have granted Olmanson's motion for partial summary judgment on the trespass claim. In discussion below, I explain why I conclude that: the court had personal jurisdiction over Weits in this case; Olmanson failed to state a claim upon which relief can be granted for eviction under WIS. STAT. § 799.40(1), given the shared assumption of the parties that there was never a landlord-tenant relationship; and the circuit court erred in dismissing the trespass claim without providing any indication in the record that the court had considered a basis for dismissing that claim. I also explain why I deny Olmanson's argument that she is entitled to partial summary judgment on the trespass claim. This leaves for the circuit court to address all remaining issues on the trespass claim following remand.

¶7      I review de novo both motions to dismiss and motions to dismiss that are converted into motions for summary judgment. *See Converting/Biophile*

4

*Lab'ys, Inc. v. Ludlow Composites Corp.*, 2006 WI App 187, ¶13, 296 Wis. 2d 273, 722 N.W.2d 633.[4]  A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint, *see Casteel v. McCaughtry*, 176 Wis. 2d 571, 578, 500 N.W.2d 277 (1993), while a motion for summary judgment tests whether the pleadings and the supporting materials submitted by the parties show that there are genuine issues of material fact regarding whether one party is entitled to relief as a matter of law, *see* WIS. STAT. § 802.08(2)-(3).  In addressing motions to dismiss, courts "accept all facts pleaded as true," "derive all reasonable inferences from those facts," and "construe those facts and inferences in the light most favorable to the plaintiff."  *Preston v. Meriter Hosp., Inc.*, 2005 WI 122, ¶13, 284 Wis. 2d 264, 700 N.W.2d 158.  In a motion for summary judgment, the court "view[s] the facts in the light most favorable to the non-moving party," and draws "all reasonable inferences" in favor of the non-moving party.  *See Affordable Erecting, Inc. v. Neosho Trompler, Inc.*, 2006 WI 67, ¶19, 291 Wis. 2d 259, 715 N.W.2d 620.[5]

---

[4] As noted above, there was a dispute before the circuit court about whether Weits's motion to dismiss the complaint was converted into a motion for summary judgment because Weits filed an affidavit in support of her motion.  *See* WIS. STAT. § 802.06(2)(b) ("If on a motion asserting the defense … to dismiss for failure of the pleading to state a claim upon which relief can be granted, … matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.").  Given the shared and (as explained below) dispositive premise of the parties that Weits was at no time a tenant of Olmanson, I need not resolve whether Weits's motion was converted.  I would affirm the circuit court's dismissal of the eviction claim under standards pertinent to either a motion to dismiss or a motion for summary judgment.

[5] Weits cites *Roy v. St. Lukes Medical Center*, 2007 WI App 218, 305 Wis. 2d 658, 741 N.W.2d 256, as a basis to argue that I must apply the more deferential erroneous exercise of discretion standard to the circuit court's decision to dismiss Olmanson's claims due to Olmanson's failure to include a standard of review in her appellate brief.  *See id.*, ¶11 n.2.  However, in *Roy* the court merely observed that the petitioner failed to include any law supporting her proposed standard of review, not that the court of appeals should apply what it knows to be an incorrect standard based on such an omission.  *See id.*

### I. Personal Jurisdiction

¶8      To repeat, Weits argues that a landlord-tenant relationship must exist for a plaintiff to bring a WIS. STAT. § 799.40(1) eviction claim.  More specifically, however, Weits frames the effect of there not being such a relationship in terms of personal jurisdiction:  she takes the position that if the defendant in a purported eviction action is not a tenant, "any Summons served by [the commencement of a § 799.40(1) action] must be adjudged fatally disabled for the purpose of gaining personal jurisdiction under WIS. STAT. § 801.04(2)."  This argument lacks legal support.  As best I understand Weits's argument, she confuses a lack of personal jurisdiction with a failure to state a claim upon which relief can be granted. *Compare **Rasmussen v. General Motors Corp.***, 2011 WI 52, ¶15 n.19, 335 Wis. 2d 1, 803 N.W.2d 623 ("personal jurisdiction refers to the court's power to exercise jurisdiction over a given individual"), *with **Meyers v. Bayer AG***, 2006 WI App 102, ¶7, 293 Wis. 2d 770, 718 N.W.2d 251 ("The purpose of a motion to dismiss ... for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the complaint").  As discussed below, Weits is correct that a landlord-tenant relationship must exist for a plaintiff to bring an eviction claim, and therefore a complaint under § 799.40(1) alleging that no such relationship exists fails to state a claim under which relief can be granted, subject to an exception that does not apply here.  *See* WIS. STAT. §§ 802.02(1)(a), 802.06(2)(a)6.  However, the absence of an allegation of a landlord-tenant relationship in the complaint under § 799.40(1) has no bearing on whether the circuit court had personal jurisdiction over Weits.

¶9      WISCONSIN STAT. § 801.05 gives the court personal jurisdiction over a defendant who "[i]s a natural person present within this state when served; or [i]s a natural person domiciled within this state."  Sec. 801.05(1)(a)-(b); *see also* WIS.

STAT. § 801.04(2) (requiring "one or more of the jurisdictional grounds" in § 801.05 in order for a court to "render a judgment against a party personally"). Weits does not dispute that she was present in Wisconsin when she was served the summons or that she was domiciled within Wisconsin at commencement of this action.

## II. Availability Of Small Claims Eviction Procedure For Non-tenants

¶10    As noted, Olmanson alleged in the complaint that Weits was never her tenant and Weits explicitly agreed with this allegation in her affidavit. Further, Olmanson and Weits take the shared position on appeal that Weits was never a tenant of Olmanson. I proceed on that shared premise of the parties. I express no view as to whether, as a matter of fact or a matter of law, Olmanson could have shown that Weits was a tenant of Olmanson.

¶11    Proceeding on the parties' shared premise that Weits was never Olmanson's tenant, the issue is whether Olmanson may nevertheless bring a claim under WIS. STAT. § 799.40(1) to evict Weits. "Actions for eviction as defined in [§] 799.40 regardless of the amount of rent claimed therein" are exclusively governed by Chapter 799 (procedure in small claims actions). WIS. STAT. § 799.01(1)-(1)(a). Section 799.40(1) (eviction actions, when commenced) further states that "[a] civil action of eviction may be commenced by *a person* entitled to the possession of real property, or by that person's agent authorized in writing, to remove therefrom *any person* who is not entitled to either the possession or occupancy of such real property." (Emphasis added.) Olmanson argues that the plain, unambiguous language of § 799.40(1) does not require the existence of a landlord-tenant relationship. However, as I now explain, binding precedent of our

7

supreme court in ***State v. Whitrock***, 161 Wis. 2d 960, 468 N.W.2d 696 (1991), requires otherwise.  The parties do not cite ***Whitrock*** but it is dispositive.

¶12    ***Whitrock*** is a criminal case.  The owner of a residential housing unit gave police consent to enter the unit at a time when, according to the owner, multiple persons, including the eventual criminal defendant, were occupying it without the owner's permission.  *Id.* at 966.  The owner took the position that these persons had begun occupying the unit after a former renter had vacated it upon service of an eviction notice.  *Id.* at 965-66.  When police entered the unit, they found the defendant there and he was charged with criminal trespass and burglary.  *Id.* at 966-67.  The defendant's appeal mainly involved Fourth Amendment issues.  *See id.* at 970-75.  However, the defendant also "attempt[ed] to characterize th[e] case as a landlord/tenant dispute, arguing that before the landlord [and police] could legally enter the duplex, [the property owner] had to pursue eviction procedures ... pursuant to [WIS. STAT. §§ 799.40-.45]." ***Whitrock***, 161 Wis. 2d at 975.  The supreme court rejected this argument by stating:

> While [§§ 799.40-.45] apply to landlord/tenant disputes generally, they do not apply to this case.  [The property owner] in this case was not evicting a party to the lease, but rather was acting on his concern that the legal tenant had vacated the premises and the duplex had since been occupied by non-tenants.

*Id.*  This discussion is not extensive.  But it is an unambiguous statement that the eviction procedures of § 799.40 "do not apply" when a property owner seeks to remove a non-tenant occupant.  This court may not disregard any part of a supreme court opinion by concluding that it is dictum.  *See **Zarder v. Humana Ins. Co.***, 2010 WI 35, ¶¶52-58, 324 Wis. 2d 325, 782 N.W.2d 682.  Thus, I am bound to interpret § 799.40(1) consistent with ***Whitrock*** as limiting eviction actions to landlord-tenant relationships.  On this basis, I reject all arguments that Olmanson intends to make that would be contrary to the rule stated in ***Whitrock***.

¶13    In support of her argument that WIS. STAT. § 799.40(1) should not be limited to landlords pursuing eviction actions against tenants, Olmanson notes a change to § 799.40 enacted since *Whitrock*. Specifically, she points out that § 799.40(4)(b), enacted in 2009, contemplates the eviction of foreclosed homeowners—a scenario in which the parties, seemingly by definition, do not have a landlord-tenant relationship. *See* 2009 Wis. Act 2, § 849; *see also* WIS. STAT. § 704.01; WIS. ADMIN. CODE § ATCP 134.02(5), (12) (Nov. 2021), (in part defining landlord and tenant respectively as the owner and occupier of a "dwelling unit" under a "rental agreement"). Olmanson argues that the existence of § 799.40(4)(b) shows that § 799.40(1) should not be interpreted as limiting eviction actions to the landlord-tenant context. However, the enactment of § 799.40(4)(b) tends to support the view that *Whitrock* limits eviction actions under § 799.40 to situations in which a landlord-tenant relationship exists *unless* the legislature has specifically acknowledged another specific relationship that could support the use of the eviction process, as it has in § 799.40(4)(b). This is because courts are to presume that "when the legislature enacts a statute that it acts with knowledge of existing case law." *See United Am., LLC v. Wisconsin DOT*, 2020 WI App 24, ¶17, 392 Wis. 2d 335, 944 N.W.2d 38, *aff'd*, 2021 WI 44. Proceeding from the assumption that the legislature was aware of the rule stated in *Whitrock* when it created § 799.40(4)(b) specifically to address foreclosed homeowners, I conclude that the legislature was defining an exception to the general restriction that § 799.40 eviction actions are limited to landlord-tenant disputes.

¶14    This settles the issue. In the absence of a landlord-tenant relationship, Olmanson could not pursue a claim under WIS. STAT. § 799.40(1) to evict Weits from Olmanson's property. The statutory exception contemplated by § 799.40(4)(b) for the eviction of foreclosed homeowners is clearly inapplicable to

9

this case, and Olmanson fails to identify any other statutory exception that permits an eviction pursuant to § 799.40 in the absence of a landlord-tenant relationship. Because Olmanson may not evict Weits under § 799.40(1), Olmanson failed to state a claim for eviction under § 799.40(1) upon which relief can be granted and the eviction claim was properly dismissed.

¶15     Olmanson raises numerous arguments for the first time on appeal in support of the position that WIS. STAT. § 799.40(1) permits a person with rightful possession of property to bring an eviction action against a non-tenant occupant. I reject these arguments for two reasons. First, Olmanson failed to raise these arguments in the circuit court, thus forfeiting them. *See State v. Ndina*, 2009 WI 21, ¶¶29-30, 315 Wis. 2d 653, 761 N.W.2d 612 (appellate courts generally consider arguments forfeited if not previously raised in the circuit court). Second, even if she had not forfeited these arguments, none alter my conclusion stated above that this court is bound by the language in *Whitrock* explaining that an eviction action under § 799.40(1) must be brought exclusively by a landlord against a tenant (or, the legislature would later establish, the owner of a foreclosed home under para. (4)(b)).[6] Notably, Olmanson did not identify any statutory basis

---

[6] One of Olmanson's forfeited arguments is that "strong public policy supports allowing trespass victims to avail themselves of WIS. STAT. ch. 799, rather than requiring or encouraging self-help when the police won't act." Even if this argument were not forfeited, it would be for the legislature to act on the public-policy considerations that Olmanson raises regarding "the wisdom" or "unfairness" of § 799.40 as understood in *Whitrock*. *L.L.N. v. Clauder*, 203 Wis. 2d 570, 595, 552 N.W.2d 879 (Ct. App. 1996) *rev'd on other grounds*, 209 Wis. 2d 674, 563 N.W.2d 434 (1997).

(continued)

besides § 799.40(1) to evict Weits using small claims procedure. Moreover, I do not address any arguments that Olmanson raises for the first time in her appellate reply brief. *See **Techworks, LLC v. Wille***, 2009 WI App 101, ¶28, 318 Wis. 2d 488, 770 N.W.2d 727 (this court generally does not consider arguments raised for the first time in a reply brief, because the other approach would be fundamentally unfair to the opponent).

### III. Trespass Claim

¶16    As to the trespass claim, the record lacks any evidence that either party addressed this claim during the circuit court hearing, or that the court specifically resolved it. As noted above, the court's reasoning regarding the necessity of a landlord-tenant relationship was specific to the eviction claim and there was no defect in the action based on a lack of personal jurisdiction. On appeal, Olmanson argues that she is entitled to partial summary judgment on the trespass claim. Weits argues in part that dismissal of the claim was appropriate because Olmanson failed to state it as a tort claim, as authorized under WIS. STAT. § 799.01(1)(cr) (as opposed to bringing a trespass claim under § 799.01(1)(a) and WIS. STAT. § 799.40, which authorize eviction actions). Weits may also intend to argue that Olmanson forfeited any arguments in support of the trespass claim by failing to raise them in the circuit court.

---

Another of Olmanson's forfeited arguments is her undeveloped assertion that permitting property owners to use eviction actions under WIS. STAT. ch. 799 to remove trespassers would "further" "the intent" or "spirit" of article I, section 9m of the Wisconsin Constitution, which serves to "preserve and protect victims' rights to justice and due process throughout the *criminal* ... process." (Emphasis added.) Even if this argument were not forfeited, it fails for at least the reason that Olmanson does not attempt to develop the argument that any aspect of eviction law, including this one, must be construed in light of the constitutional or statutory rights of the victims of crime.

11

¶17    I now explain why I conclude in Olmanson's favor that Olmanson did plead a claim for trespass as a tort claim under WIS. STAT. § 799.01(1)(cr) and that, although it is a close call, Olmanson has not forfeited the argument that she has a viable trespass claim. I separately explain why I conclude in Weits's favor that Olmanson fails to present a developed argument establishing that Olmanson should be granted partial summary judgment on the trespass.

¶18    Regarding the nature of the claim, Weits does not explain why I should conclude that Olmanson did not bring a claim under WIS. STAT. § 799.01(1)(cr). As noted, in her complaint Olmanson checked the boxes for "eviction," "tort/personal injury," and "claim for money" and provided support for these claims by alleging that Weits occupied the property without Olmanson's permission. Weits does not develop an argument that this does not state a trespass claim against Weits under the small claims procedure of § 799.01(1)(cr).

¶19    Regarding forfeiture, as noted above, this court does not usually consider arguments that are only raised with sufficient prominence for the first time on appeal and therefore it could be fatal to the trespass claim if Olmanson essentially abandoned it in the circuit court. *See Ndina*, 315 Wis. 2d 653, ¶¶29-30. Forfeiture presents a close issue; on this record, some courts might deem the claim forfeited. On the one hand, Olmanson failed to raise the topic of the trespass claim, even once, during the course of the circuit court hearing. Further, she responded "no" when the circuit court, following a salutary practice, brought the hearing to a close by asking the parties if either side had "anything further" for the court to consider. On the other hand, the claim was explicitly included in Olmanson's complaint. Also, notably, Olmanson presented arguments in support of the trespass claim in her affidavit and legal memorandum in support of her motion for summary judgment in the circuit court. Further, Weits does not now

present a complete, accurate argument for forfeiture. Instead, her argument essentially ignores the prominence of Olmanson's trespass claim in the pleadings and summary judgment materials. Weighing all of these considerations, I conclude that Olmanson has not forfeited the right to have this court consider whether the trespass claim was improperly dismissed by the circuit court.

¶20 Turning to Olmanson's request for partial summary judgment on the trespass claim, applying the de novo standards for summary judgment noted above, I conclude that there is not a basis for this court to direct the circuit court to order the entry of partial summary judgment. Olmanson now includes only brief factual background, without legal support, to argue that she is entitled to partial summary judgment. She fails to develop a legally supported argument that there are no genuine issues of material fact or that she is entitled to judgment as a matter of law.

¶21 To be clear, I intend only to return the parties to the same positions they were in regarding the trespass claim as of the time when the circuit court dismissed the claim in the course of dismissing "the action" in its entirety. I do not intend to address any aspect of the potential merits of the claim or possible defenses to it. These will be for the circuit court to resolve on remand based on the record as developed to date and any additional submissions of evidence or argument that the court may in its discretion decide to consider.

## CONCLUSION

¶22 For all of these reasons, I reverse the circuit court's order dismissing the entire action for lack of personal jurisdiction, affirm its ruling specifically dismissing the eviction claim for failure to state a claim, and remand for further proceedings consistent with this opinion.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.